■ NANETTE COHEN, Appellant, v ISAAC COHEN, Respondent. [601 NYS2d 9] —In a matrimonial action, the plaintiff wife appeals from an order of the Supreme Court, Nassau County (Saladino, J.), entered June 13, 1991, which denied her motion to stay enforcement of a judgment of divorce entered April 12, 1991, pending a hearing on the issue of the defendant-husband's compliance with a stipulation of settlement entered into in open court.

Ordered that the order is affirmed, with costs.

On September 26, 1990, the parties entered into a stipulation in open court resolving all outstanding issues, including, *inter alia,* visitation, maintenance, child support and disposition of the marital estate and certain liquid funds. The stipulation also stated that the defendant-husband agreed to provide the plaintiff-wife "with proof that he has, in fact, invested $450,000 in the property in Virginia, generally known as Glen Croft, and the materials and conditions of this stipulation are subject to the providing of such proof". After the entire stipulation was read into the record in open court, the husband's attorney asked the wife whether she realized this settlement was a binding contract. She indicated that she understood and remarked that the stipulation was contingent upon "the checks being produced for the Virginia property". The husband's attorneys subsequently produced copies of two

checks totaling $450,000. Thereafter, the wife moved, *inter alia,* to stay enforcement of the divorce judgment, then noticed for settlement, and for a hearing on the issue of the husband's compliance with the stipulation. The motion was denied.

We affirm. Contrary to the wife's contention, it is clear from the record that the husband complied with the stipulation by producing copies of the checks used for the investment. Accordingly, there is no basis to stay enforcement of the judgment or for a hearing. We have reviewed the wife's remaining contentions and find them to be without merit. Bracken, J. P., Balletta, Lawrence and Copertino, JJ., concur.